IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY PICKERELL,

    Plaintiff,

vs.

Case No. 10-2089-JTM

SHERIFF JAMES G. KEATH,
  in his individual and official capacity,
ATTORNEY GENERAL STEVE SIX,
  in his individual and official capacity,
the Kansas Bureau of Investigation and
SHEILA SAWYER-TYLER,
  in her individual and official capacity,

    Defendants.

MEMORANDUM AND ORDER

    Plaintiff Bradley Pickerell, a convicted sex offender, is a resident of Neosho County, Kansas. He has brought the present action against Neosho County Sheriff James Keath, Kansas Attorney General Steven Six, and Kansas Bureau of Investigation employee Sheila Sawyer-Tyler, seeking a determination that a prior ruling in Sedgwick County District Court dismissing criminal failure-to-register charges on ex post facto grounds, is binding on them, and precludes any prosecution for that offense. He argues that any prosecution violates a constitutionally-protected liberty interest in the prior dismissal. The court has reviewed the pleadings and finds that the defendants' motion should be granted, as (1) the prior dismissal was explicitly granted without prejudice, (2) the Sedgwick

County ruling is not binding on defendants, nor does it preclude a separate prosecution for separate offenses, for failing to register in Neosho County, and (3) the defendants are protected by qualified immunity.

Pickerell was convicted in Arizona in 1988 of attempted sexual conduct with a minor. Complaint ¶8. He was released from Arizona's custody in 1992. Under Arizona law, once imposed, sex offender registration is a lifelong obligation. Complaint ¶14 (citing A.R.S. § 13-3821); *see also Fushek v. State*, 183 P.3d 536, 542 (Ariz. 2008).

Pickerell moved to Kansas in 2002 and registered as a sex offender in Sedgwick County. In 2003, Plaintiff was charged with failing to register in violation of K.S.A. 22- 4903 and 22-4904(b) in Sedgwick County Case No. 03-CR-1047. The case was dismissed based on K.S.A 22-4906(b), which provides in relevant part:

> Upon the first conviction, liability for registration terminates, if not confined, at the expiration of 10 years from the date of conviction, or, if confined, at the expiration of 10 years from the date of parole, discharge or release, whichever date is most recent.

In 2006, the Kansas Legislature amended K.S.A. 22-4906, adding subsection (I), which provides that "any person moving to ... Kansas who has been convicted in another state, and who was required to register under that state's laws, shall register for the same length of time required by that state or Kansas, whichever length of time is longer." K.S.A. 22-4906; 2006 Kansas Session Laws Ch. 214, §9.

In 2008, Pickerell was charged with five counts of failing to register, in violation of K.S.A. 22-4903 and 22-4904(b), based on his failure to register in the months of April, May, June, July, and August 2008. Sedgwick County Case No. 08-CR-2515. Pickerell moved to dismiss the charges based

2

on a lack of jurisdiction, and because the 2006 amendment allegedly violated the ex post facto provision of the Constitution.

Sedgwick County Judge Rebecca Pilshaw granted the motion to dismiss without prejudice on the basis of the ex post facto theory. There was no appeal.[1]

After the dismissal, plaintiff had communications with the Neosho County Sheriff's Office, the Attorney General's office, and the KBI, all of whom told him that Kansas law required him to register in Neosho County where he lived.

Pickerell sent copies of the Sedgwick County order in Case No. 08-CR-2515 to the relevant authorities, but was told that registration in Neosho County was required. He registered as a sex offender in Neosho County in November 2008, and his registration remains current.

In presenting his claim of a liberty interest, Pickerell merely cites to general recognitions of the principle of res judicata under federal and state law, *see New Orleans v. City Bank*, 167 U.S. 371, 396 (1987); *Penachio v. Walker*, 483 P.2d 1119 (1971), and notes the general elements of collateral estoppel or res judicata under Kansas law – (1) a judgment on the merits, and (2) an identity of the parties. *Urban v. Henley*, 654 F.Supp. 870, 872 (D. Kan. 1987). Recognizing that the Attorney General did not appear in the prior Sedgwick County action, Pickerell notes K.S.A. 75-702 (which authorizes the Attorney General to appear in certain actions as an interested party), and alternatively,

---

[1] Subsequent to the Sedgwick Country ruling, the Kansas Supreme Court held that the Kansas Sex Offender Registration Act is not a criminal statute or penalty, but instead "is remedial in nature and does not violate the constitutional prohibition against the ex post facto laws." *State v. Cook*, 286 Kan. 766, 187 P.3d 1283, 1286 (Kan. 2008) (citing *State v. Myers*, 260 Kan. 669, 671, 923 P.2d 1024 (1996)). Prior to the Sedgwick County case, the United States Supreme Court had upheld a similar sex offender registration Act against an ex post facto challenge. *Smith v. Doe*, 538 U.S. 84, 106, 123 S.Ct. 1140, 1154 (2003).

notes that in certain cases non-parties may be bound by res judicata. *See Montana v. United States*, 440 U.S. 147 (1979).

Pickerell has failed to demonstrate any protected liberty interest, based on the dismissal without prejudice of failure-to-register charges arising in 2008 in Sedgwick County, in permanently escaping registration requirements. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, __ U.S. __, 129 S.Ct. 2308, 2319 (2009). First, the Kansas statute itself explicitly prohibits this result. K.S.A. 22-4908 explicitly provides that "[n]o person required to register as an offender pursuant to the Kansas offender registration act shall be granted an order relieving the offender of further registration under this act."

Second, the dismissal without prejudice, based on a failure to register for certain months in Sedgwick County in 2008, would not create res judicata as to other offenses at other times and other places. Under Kansas law, a new, separate offense is committed every 30 days a sex offender fails to register. See K.S.A. 22-4903(a). Since the Sedgwick County dismissal involved only five months of 2008, that decision would and could not bar charges involving subsequent offenses. The decision in Sedgwick County District Court that the Kansas Sex Offender Registration Act violates the ex post facto provision is simply not binding on the Neosho County District Court as to independent crimes committed in Neosho County, even in the absence of the clear determination by the Kansas Supreme Court that no ex post facto problem exists. *State v. Cook*, 286 Kan. at 769.

Third, under Kansas law, "dismissal without prejudice does not have the effect of res judicata." *Frost v. Hardin*, 1 Kan.App.2d 464, Syl. ¶ 1, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978). *See also Crocket v. Medicalodges, Inc.*, 247 Kan. 433, 438 799 P.2d 1099 (1990) ("dismissal without prejudice does not have the effect of res judicata"); *State of Kansas I-135/I-70*

*Drug Task Force v. 1990 Lincoln Town Car*, 36 Kan.App.2d 817, 145 P.3d 921 (2006) (holding in subsequent forfeiture action that "collateral estoppel does not apply to a suppression order from a criminal proceeding dismissed without prejudice").[2]

Fourth, there is no identity of parties. The court finds that Pickerell's arguments attempting to elude the requirement of identity of parties are unconvincing. First, the cited statute merely gives the Attorney General the authority to appear in certain local prosecutions. Nothing in the statute or in any case law suggests that the mere existence of such *potential* authority – in the absence of an actual appearance – renders contrary decisions binding as res judicata.

Further, the cited case, *Montana v. United States*, merely recognizes that in some circumstances, collateral estoppel may be applied to "nonparties [who] assume control over litigation in which they have a direct financial or proprietary interest." 440 U.S. at 154. Pickerell fails to show how this principle applies here. He makes no attempt to show that the Attorney General exercises any de facto or behind-the-scenes "control" over the 2008 Sedgwick County proceedings, nor does he show how the Attorney General may have had any "direct financial or proprietary interest" in the previous criminal failure-to-register action.

In *Ponderosa Development v. Bjordahl*, 787 F.2d 533, 536 (10th Cir. 1986), the Tenth Circuit noted that the Montana Court "listed several indicia of the exercise of control sufficient to impose collateral estoppel against a nonparty, including requiring the suit to be brought, reviewing and approving the complaint, paying attorney fees and costs, directing the appeal, and filing an amicus

---

[2]In contrast, where there is full identity of the parties, Kansas law provides that *claim preclusion* may apply to prevent the plaintiff from litigating claims he might have advanced in earlier litigation, even though an earlier adverse determination was rendered "without prejudice." *Rhoten v. Dickson*, ___ Kan. ___, 223 P.3d 786 (Jan. 29, 2010).

brief." The *Ponderosa* court rejected the claim of collateral estoppel in the case before it, noting that the touchstone is "'whether [the nonparty] had a full and fair opportunity to litigate the issues in the prior case.'" *Id*. (quoting *United States v. Jensen*, 608 F.2d 1349, 1355 (10th Cir.1979)). Here, there is no indication that the defendant Six had any knowledge of, actual involvement in, or control over the Sedgwick County proceedings.

In addition, the court finds that, even if Pickerell were somehow to have presented an otherwise valid claim, the defendants, who have been sued in their individual capacities, would nonetheless be entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (recognizing immunity for government officers whose actions fail to "violate clearly established statutory or constitutional rights of which a reasonable person would have known").

Given that Kansas statutory law explicitly provides that a sex offender cannot be relieved of the obligation to register, that subsequent failures to register constitute separate crimes, and that the Kansas Supreme Court has explicitly held that the Registration Act is not invalid as an ex post facto law, a reasonable officer or investigator of the State or Neosho County would not have concluded that a separate decision dismissing separate charges, without prejudice, in another country, somehow immunized the plaintiff from prosecution under the Act.

Pickerell has failed to establish a clearly-established right to such immunity. *See Cortez v. McCauley*, 478 F.3d 1108, 1114-15 (10th Cir. 2007) (to be clearly established law, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains"). Here, Pickerell has presented no such authority, relying instead on decisions which merely recognize the doctrine of res judicata in general, cases which do not involve prior decisions without prejudice.

IT IS ACCORDINGLY ORDERED, this 30th day of June, 2010, that the defendants' Motions to Dismiss (Dkt. 5, 7) are hereby granted.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE